

50 Fountain Plaza
Suite 1700
Buffalo, NY 14202
Phone: 716.853.5100
Fax: 716.853.5199
lippes.com

September 19, 2018

**VIA ECF**
Hon. Roslynn R. Mauskopf
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: <u>Glick v. Client Services, Inc.</u>
    Case No.: 1:18-cv-00913

Dear Judge Mauskopf:

We are counsel for Defendant Client Services, Inc. ("CSI") in the above captioned matter. Pursuant to Section III.A of your Individual Motion Practice and Rules, CSI moves for a pre-motion conference and requests leave to file a motion for summary judgment in this case.

Plaintiff's Complaint alleges that a dunning letter sent by CSI failed to properly identify the creditor, in violation of the Fair Debt Collection Practices Act (the "FDCPA"). *See* Doc. 1, ¶ 50. However, it cannot be disputed that the Letter at issue states "RE: CHASE BANK USA, N.A," provides an account number and balance and states "The above account has been placed with our organization for collections." *See* Doc. 1-2.

Summary judgment is appropriate in this case for two reasons. First, Plaintiff has repeatedly and continuously failed to answer discovery requests served on him by CSI. Due to this, the admissions served on Plaintiff have been deemed admitted and conclusively established. Plaintiff has admitted, *inter alia*, that he has not suffered a concrete injury and therefore he lacks standing to bring this suit. See *Spokeo, Inc. v. Robbins*, 136 S.Ct. 1540, 1547 (2016). Further, he has admitted that CSI did not violate the FDCPA and that he cannot prove that the debt is a consumer debt. *See Abramov v. I.C. Sys., Inc.,* 54 F. Supp. 3d 270, 272-73 (E.D.N.Y. 2014) (examining elements required for an FDCPA violation). Therefore, Plaintiff lacks standing to pursue this action and this action should be dismissed for lack of standing.

Second, CSI believes that recent case law, though from outside of the Eastern District of New York, shows that these type of cases require bizarre or idiosyncratic interpretations of dunning letters,

Brendan H. Little | Partner | blittle@lippes.com

**New York:** Albany, Buffalo, New York City • **Florida:** Ponte Vedra Beach • **Ontario:** Greater Toronto Area



and should not constitute FDCPA violations. In *Howard v. Client Services, Inc.*, 17-cv-62425 (SDFL), the Court examined the identical letter at issue herein. The plaintiff therein, like Plaintiff here, argued that "RE: CHASE BANK, USA, N.A." does not sufficiently identify the creditor in violation of the FDCPA. On August 21, 2018, Judge Ungaro rejected Plaintiff's argument and granted Client Services, Inc.'s motion for summary judgment. Judge Ungaro concluded: "the Court finds that no reasonable jury could find that the Letter did not adequately identify Chase as the current creditor to the least-sophisticated consumer in violation of § 1692g(a)(2) and summary judgment in favor of Defendant is appropriate." *See* a copy of Judge Ungaro's decision attached hereto as **Exhibit A**, p. 18. *See also Finley v. Allied Interstate, LLC*, 2018 WL 2717234 (M.D. Fla, June 5, 2018); *Macelus v. Capital Collection Serv*, 2017 WL 5157389, at * 3 (D.N.J. Nov. 7, 2017); *Santinabez v. Nat'l Credit Systems, Inc.*, 2017 WL 126111, at *3 (D. Ore. Jan. 12, 2017).

Given the aforementioned, CSI believes that a motion for summary judgment would be an effective and proper means to dispose of the claims in this case. To this end, CSI respectfully requests that this Court grant leave for CSI to file and serve its motion for summary judgment and requests that this Court set a briefing schedule on CSI's motion for summary judgment.

Thank you for your courtesy and cooperation in this matter.

Very truly yours,

LIPPES MATHIAS WEXLER FRIEDMAN LLP

*/s Brendan H. Little*

Brendan H. Little

BHL/bmo