# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 0:17-cv-62425-UU

JOAN M. HOWARD,

    Plaintiff,

v.

CLIENT SERVICES, INC.,

    Defendant.

_____/

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE is before the Court upon Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law (the "Motion"). D.E. 23. The Court has reviewed the Motion, the pertinent portions of the record and is otherwise fully advised of the premises. For the reasons set forth below, Defendant's Motion is GRANTED.

**I.**     **Factual Background**[1]

The material facts, viewed in the light most favorable to Plaintiff, are as follows. Plaintiff, Joan M. Howard ("Howard") is a citizen of the State of Florida. D.E. 1. According to credit card statements submitted by Defendant, from approximately April 5, 2015 to March 5, 2016, Plaintiff had a credit card account ending in "4952" with Chase Bank USA, N.A., ("Chase"). D.E. 23-1. As of March 5, 2016, the account had a balance of $2,535.31, of which $733 was past due. *Id.* at 35. Defendant Client Services, Inc., is a Missouri corporation, with its principle place of business in Missouri. D.E. 6 ¶ 4. Defendant is a debt collector as defined in the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692 *et seq*. D.E. 26. On or about August 18,

---

[1] Unless otherwise indicated the facts are taken from the parties' pretrial stipulation, D.E. 26, the parties' undisputed statements of material facts, D.E. 24; D.E.28, and the evidence attached to Defendant's Motion for Summary Judgment. D.E. 23-1.

1

2017, Defendant sent Plaintiff a letter (the "Letter"), seeking to collect a debt. *Id.* The Letter provides, in relevant part:

> RE: CHASE BANK USA, N.A.
> ACCOUNT NUMBER: XXXXXXXXXXXX4952
> BALANCE DUE: $2,535.31
> REFERENCE NUMBER: 24355812
>
> **DEBT VALIDATION NOTICE**
>
> The above account has been placed with our organization for collections.
>
> Unless you notify our office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor . . .
>
> THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE . . . .
> D.E. 23-1 at 2.

The bottom of the Letter contained a payment coupon, which provided:

> Checks Payable To: Client Services, Inc.
>
> Remit to: Client Services, Inc.,
> 3451 Harry S. Truman BLVD
> ST. Charles, MO 63301-4047
> *Id.*

## II. Procedural History

Plaintiff filed her complaint on December 10, 2017, D.E. 1, alleging that the Letter failed to properly identify the name of the creditor to whom she owed the debt in violation of 15 U.S.C. § 1692g(a)(2). On December 29, 2017, Defendant filed its Answer and Affirmative Defenses. D.E. 6. On February 8, 2018, the Court entered its Scheduling Order for Pretrial Conference and

Trial, D.E. 10, setting a dispositive motion deadline of July 6, 2018. On the deadline, Defendant filed its Motion for Summary Judgment. D.E. 23. The Motion is fully briefed and ripe for disposition.

### III. Legal Standard

Summary judgment is authorized only when the moving party meets its burden of demonstrating that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. When determining whether the moving party has met this burden, the Court must view the evidence and all factual inferences in the light most favorable to the non-moving party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of proving that no genuine issue of material fact exists, the non-moving party must make a showing sufficient to establish the existence of an essential element of that party's case and on which that party will bear the burden of proof at trial." *See Celotex Corp. v. Catrell*, 477 U.S. 317 (1986); *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997); *Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir. 1989).

If the record presents factual issues, the Court must not decide them; it must deny the motion and proceed to trial. *Envntl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981). Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec.*

*Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969). If reasonable minds might differ on the inferences arising from undisputed facts, then the Court should deny summary judgment. *Impossible Elec. Techs., Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes*, 398 U.S. at 160. The moving party must demonstrate that the facts underlying the relevant legal questions raised by the pleadings or are not otherwise in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611-12 (5th Cir. 1967). The Court must resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party. *Liberty Lobby, Inc.*, 477 U.S. at 255.

**IV.     Discussion**

    A.  Plaintiff's Claim

"A plaintiff asserting an FDCPA claim pursuant to 15 U.S.C. §§ 1692e, 1692f, and 1692g must plausibly allege (1) the defendant is a debt collector; (2) the challenged conduct is related to debt collection; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Nyasimi v. Durham & Durham, LLP*, No. 1:17-CV-1249-AT-LTW, 2017 WL 8221399, at *3 (N.D. Ga. Nov. 17, 2017), report and recommendation adopted, No. 1:17-CV-1249-AT, 2017 WL 8222330 (N.D. Ga. Dec. 6, 2017) (citation omitted). The parties stipulated that Defendant is a debt collector and that the Letter was an attempt to collect a debt under the

4

FDCPA. D.E. 26 ¶ 5. The remaining issue is whether Defendant has engaged in an act or omission prohibited by the FDCPA. The sole allegation in Plaintiff's complaint is that Defendant violated 15 U.S.C. § 1692g(a)(2) of the FDCPA because the Letter did not appropriately identify Chase as the creditor to whom Plaintiff owed the debt. D.E. 1. 15 U.S.C. § 1692g(a)(2) provides:

**(a) Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing . . .

(2) the name of the creditor to whom the debt is owed . . . ."
15 U.S.C.A. § 1692g (West)

### B. The Least-Sophisticated Consumer and § 1692g

"The FDCPA does not state how a creditor must be named in order to comply with § 1692g . . . ." *Leonard v. Zwicker & Assocs., P.C.*, 713 F. App'x 879, 883 (11th Cir. 2017). However, "[b]ecause Congress enacted the statute primarily to protect consumers, we evaluate the circumstances giving rise to an alleged FDCPA violation from the perspective of the "'least sophisticated consumer.'" *Id.*[2] The least sophisticated consumer "possess[es] a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193–94 (11th Cir. 2010). "That standard protects 'naïve consumers' and 'prevents liability for bizarre or idiosyncratic interpretations of collections notices by preserving a quotient of reasonableness.'" *Leonard*, 713 F. App'x at 881–82 (quoting *LeBlanc*, 601 F.3d at 1193–94). "To

---

[2] Although the Eleventh Circuit has not conclusively ruled that the least-sophisticated consumer standard applies to § 1692g claims, in *Leonard,* 713 F. App'x 879, 882 n. 2, it noted in dictum that it saw "no reason to disagree with the[ ] . . . other circuits" that applied the standard to § 1692g claims, and it then proceeded to apply the standard because the parties had assumed the least-sophisticated consumer standard applied to § 1692g. As both parties agree that the standard applies here, the Court will similarly apply the least-sophisticated consumer standard to Plaintiff's § 1692g claim.

5

satisfy § 1692g(a), the debt collector's notice must state the required information clearly enough that the recipient is likely to understand it." *Leonard*, 713 F. App'x 879, at 882 (quoting *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016)). "In other words, the notice should be clear enough that a naïve consumer comes away from the notice understanding the 'identity of the creditor.'" *Id*. (citation omitted).

### C. Grounds for Defendant's Motion for Summary Judgment[3]

Defendant argues that it is entitled to summary judgment on Plaintiff's claim because no reasonable jury could conclude that the Letter did not identify Chase as the current creditor to the least-sophisticated consumer. D.E. 23. In contrast, Plaintiff argues that the Letter is sufficiently vague that a reasonable jury could find that the Letter did not identify Chase as the current creditor to the least-sophisticated consumer. D.E. 27. "Generally, the question of whether the least sophisticated consumer would be confused or misled by a debt collector's communication is one for the jury . . . However, the question of whether a plaintiff has alleged sufficient facts to state a claim under § 1692g is a legal question for the court." *Leonard*, 713 F. App'x 879, at 883 (citing *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1307 n.11 (11th Cir. 2015)). Accordingly, the sole issue before the Court is whether Defendant has met its burden of demonstrating that no reasonable jury, "viewing the [L]etter through the eyes of the 'least-sophisticated consumer,' and making all reasonable inference in Plaintiff's favor, could find" that the Letter did not identify Chase as the current creditor in violation of § 1692g(a)(2). *LeBlanc*, 601 F.3d at 1195. For the reasons discussed below, the Court finds that Defendant has met its burden and it is entitled to summary judgment.

---

[3] Defendant also argued that Plaintiff had deemed admissions because Plaintiff did not respond to Defendant's discovery. D.E. 30. However, Defendant subsequently withdrew the argument after finding that Plaintiff had responded to its discovery requests. D.E. 35; D.E. 36. Accordingly, the Court does not consider this argument.

6

D.  The Letter's Compliance with § 1692g(a)(2)

Defendant argues that no reasonable jury could find that the Letter did not identify Chase as the current creditor to the least-sophisticated consumer and therefore Defendant is entitled to summary judgment on Plaintiff's § 1692g(a)(2) claim. D.E. 23. In support, Defendant argues that the Letter only referenced two entities, Chase and Defendant, and Defendant was clearly identified as a debt collector. *See* D.E. 23-1 at 2 ("THIS COMMUNICATION IS FROM A DEBT COLLECTOR."). Thus, Defendant argues "that the least sophisticated consumer would reasonably assume that the only creditor mentioned in a collection letter was the entity to whom the debt was owed. 'She isn't a dimwit.'" D.E. 23 at 6 (quoting *Wahl v. Midland Credit Mgmt.*, Inc., 556 F.3d 643, 645 (7th Cir. 2009)) (other quotations omitted); *see Lait v. Med. Data Sys., Inc.*, No. 1:17-CV-378-WKW, 2018 WL 1990513, at *5 (M.D. Ala. Apr. 26, 2018), reconsideration denied, No. 1:17-CV-378-WKW, 2018 WL 1973269 (M.D. Ala. Apr. 26, 2018) (finding that the least-sophisticated consumer would know the identity of the current creditor from a debt collection letter referencing only one party other than the debt collector, referring to the creditor by name in the subject line and stating that the debt had been placed with defendant for collection). Defendant also argues that the Letter identified Chase as the current creditor because it contained the last four digits of her Chase account number and below the header stating "RE: CHASE BANK USA, N.A.," the Letter read: "the above account has been placed with our organization for collections." *Id.*; D.E. 23 at 8 (quoting *Santibanez v. Nat'l Credit Sys., Inc.*, No. 6:16-CV-00081-AA, 2017 WL 126111, at *4 (D. Or. Jan. 12, 2017) (finding least-sophisticated consumer would know identity of current creditor from debt-collection letter where the subject line contained creditor's name and account number and where the body stated that the account had been placed with the debt collector for collection).

7

Plaintiff responds that while Chase is the only other party named in the Letter, Chase is only mentioned once in the subject line as "RE: CHASE BANK, USA N.A.," which "leaves it entirely open to interpretation whether Chase is a current or original creditor". D.E. 27 at 6. Moreover, Plaintiff argues that the Letter's use of passive voice in stating "the above account has been placed with our [Defendant's] organization for collections," obfuscates the identity of the creditor because it does not expressly indicate that *Chase* placed the account with Defendant. D.E. 27 at 12. Lastly, Plaintiff argues that the Letter states to make checks payable to Defendant, not Chase "suggesting the possibility that Defendant is the creditor to whom the debt is owed." D.E. 27 at 8 (citing *Daly v. Capital Mgmt. Servs., LP*, No. 15-CV-364-JTC, 2015 WL 4662759, at *3 (W.D.N.Y. Aug. 6, 2015) (finding that where a debt collection letter indicated that payment was to be made to the creditor, the least sophisticated consumer would understand that entity to be the creditor.)).

In support of its argument, Plaintiff relies heavily on precedent from the Eastern District of New York. *McGinty v. Prof'l Claims Bureau, Inc*., No. 15CV4356SJFARL, 2016 WL 6069180 (E.D.N.Y. Oct. 17, 2016) (finding that the least sophisticated consumer would not know the identity of the current creditor from a debt collection letter which only included the creditor's name in the subject line as "RE: NSLIJ PHYSICIANS – DEPT OF ORTHOPEDIC SURGERY" and rejecting the argument that because there was only one medical provider listed, it was clear that the creditor was that medical provider); *Datiz v. Int'l Recovery Assocs., Inc.,* No. 15-CV-3549, 2016 WL 4148330 (E.D.N.Y. Aug. 4, 2016) (holding that merely including the creditor's name in a debt collection letter as "RE: John T. Mather Hospital" violated § 1692g(a)(2) because it failed to "identify the Hospital as the Plaintiff's current creditor."); *Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482, 487 (E.D.N.Y. 2013) (finding that merely listing the original

8

creditor in the subject line of the debt collection letter was insufficient to identify the current creditor under § 1692g, and distinguishing between identifying a previous debt owed and identifying the current creditor as required by § 1692g.). Notably, both *Datiz* and *McGinty* also held that the use of passive voice in the debt collection letters, stating that the debtor's account "had been placed" with the debt collector, was insufficient to identify the creditor because it failed to identify on whose behalf the debt collector was acting when it sent the collection letters. *McGinty*, No. 15CV4356SJFARL, 2016 WL 6069180, at *4; *Datiz*, 2016 WL 4148330, at *11-12.[4]

Defendant responds that these cases are factually and procedurally distinguishable. In *McGinty* and *Eun Joo Lee*, the court found the identity of the creditor was unclear because the subject line of the debt collection letter contained two entities: "NSLIJ PHYSICIANS – DEPT OF ORTHOPEDIC" *McGinty*, No. 15CV4356SJFARL, 2016 WL 6069180, and "Re: NCOP XI, LLC A/P/O CAPITAL ONE," *Eun Joo Lee*, 926 F. Supp. 2d at 487, while in this case the subject line of the Letter only contained one entity, "CHASE BANK USA, N.A." D.E. 1. Defendant also points out that *McGinty, Datiz*, and *Eun Joo Lee* merely held that the Plaintiffs' complaints survived a Rule 12(b)(6) challenge; not that the Plaintiff was entitled to summary judgment under Rule 56. D.E. 30 at 4.

The Court agrees with Defendant that these cases are factually distinguishable, but disagrees that their procedural posture makes them irrelevant; the discussion of the least-sophisticated consumer standard as applied to § 1692g(a)(2) could at least be logically persuasive. However,

---

[4] Plaintiff also relies on *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 326 (7th Cir. 2016), in which the Seventh Circuit held that merely including the name of the creditor in the subject line was insufficient to establish compliance with § 1692g(a)(2). As Plaintiff rightly notes, *Janetos* is easily distinguishable. D.E. 30 at 5. The debt collection letter in *Janetos* listed the creditor as an "assignee" and stated that the "referenced account has been transferred from Asset Acceptance, LLC, to Fulton, Friedman & Gullace, LLP . . . each recipient was left to guess who owned the debt following the transfer of the account." *Janetos*, 825 F.3d at 321 (internal quotation marks omitted)). No such language appears on the Letter in this case.

9

this Court does not find *McGinty* and its progeny persuasive and moreover they are not binding precedent in this Circuit. It is notable that Plaintiff cites to no analogous Eleventh Circuit precedent in her response. *See* D.E. 27. As Defendant rightly notes, many other courts (including in the Eastern District of New York) that have dealt with similar § 1692g(a)(2) claims involving analogous debt collection letters have disposed of such claims at the motion to dismiss stage. These courts found *McGinty* and its progeny unpersuasive and focused on the same facts as Defendant herein to conclude that the debt-collection letters appropriately identified the current creditor under § 1692g(a)(2). *See Lait*, No. 1:17-CV-378-WKW, 2018 WL 1990513, at *5 (distinguishing *McGinty* and granting motion to dismiss because debt collection letter did not violate § 1692g because "although the letter did not come right out and say 'the name of the creditor to whom the debt is owed . . .' it expressly noted that the letter 'is an attempt to collect a debt,' identified . . . the collection agency/debt collector, explained that the account indicated below the text was placed with the agency for collection, and then listed [the creditor] . . . as the 'Facility Name' that corresponded to the delinquent account."); *Finley v. Allied Interstate, LLC*, No. 8:18-CV-120-T-35AEP, 2018 WL 2717234 (M.D. Fla. June 5, 2018) (finding *McGinty* unpersuasive and granting motion to dismiss because least-sophisticated consumer would know Chase was creditor where debt collection letter's subject line read "Chase Bank USA, N.A. Account Number ending in 9044" and contained the balance due); *Macelus v. Capital Collection Serv.*, No. CV 17-2025 (RBK/JS), 2017 WL 5157389, at *3 (D.N.J. Nov. 7, 2017) (distinguishing *McGinty* and *Datiz* and granting motion to dismiss because least-sophisticated consumer would know identity of creditor from debt collection letter that included name of creditor in header and stated "[t]his claim has been sent to us for collection."); *Talyor v. MRS BPO, LLC*, No. 217CV01733ARRRER, 2017 WL 2861785, at *3 (E.D.N.Y. July 5, 2017)

(distinguishing *Datiz* and *McGinty* and dismissing § 1692g(a)(2) claim with prejudice as least-sophisticated consumer would know Chase was the current creditor in a debt collection letter where the header read "RE: CHASE BANK USA N.A." and contained a reference to the account number, and the body of the letter contained two references to Chase).[5] The comparatively fewer courts that have dealt with this issue at summary judgment have also found that similar debt collection letters adequately identified the creditor to the least-sophisticated consumer under § 1692g(a)(2). *See Demonte v. Client Servs., Inc.*, No. 14-CV-14511, 2015 WL 12556159 (S.D. Fla. July 29, 2015) (granting summary judgment on § 1692g claim in almost identical case involving the same Defendant and a similar debt collection letter because: "[t]he reference to [the credit card merchant] is located directly above a line indicating Plaintiff's account number . . . the first sentence of [the debt collection letter] reads, '[t]he above account has been placed with our organization for payment(s),' and indicates it is a 'communication from a debt collector' in 'an attempt to collect a debt . . .'); *Santibanez* No. 6:16-CV-00081-AA, 2017 WL 126111 at *3 (granting summary judgment on § 1692g(a)(2) claim where debt collection letter's subject line named creditor and contained debtor's account number, and stated "account has been placed with defendant for collection"); *see also Philips v. Cent. Fin. Control*, No. 2:17-CV-02011-RDP, 2018 WL 3743221 (N.D. Ala. Aug. 7, 2018) (granting judgment on the pleadings on §1692g(a)(2) claim where debt collection letter included debtor's account number with creditor, only referenced one entity other than the debt collector, and stated that the debtor's account had been placed with the debt collector for collection of the balance). This Court finds this precedent

---

[5] Plaintiff spends much of her motion arguing that these cases are distinguishable or were decided in a "short-handed" or "nasty" manner. D.E. 27 at 14-15. Plaintiff's arguments are unavailing, while there are certainly factual and procedural differences between the cases, none of the distinguishing factors change this Court's conclusion. For example, Plaintiff argues that *Lait* is not persuasive because it is on appeal and that *Macelus* is distinguishable because the letter in question stated "<u>Account for:</u> Advanced Endoscopy & Surgical Ctr., LLC." D.E. 27 at 14-15 (emphasis added). These arguments are not persuasive; *Macelus* did not base its holding on the words "account for" and the Court's holding is not based solely on *Lait*. Moreover, Plaintiff fails to distinguish *Demonte,* the numerous other analogous cases discussed *supra*, and Plaintiff's history with Chase discussed *infra*.

11

persuasive and agrees with Defendant that the Letter identified Chase as the current creditor in compliance with § 1692g(a)(2).

Plaintiff's arguments to the contrary myopically focus on the lack of clarity in specific portions of the Letter, but as the above cases make clear, the law in this Circuit and others is that when analyzing debt collection letters for violations of the FDCPA, the Court must read such letters as a whole and consider all relevant circumstances. *Demonte*, No. 14-CV-14511, 2015 WL 12556159, at *3 ("When the Demand Letter is read as a whole . . . ."); *LeBlanc*, 601 F.3d at 1195 ("In this case . . . the . . . letter, read as a whole . . . ."); *Macelus*, No. CV 17-2025 (RBK/JS), 2017 WL 5157389, at *2 ("We note, further, that we are to evaluate the entire letter, not bits and pieces of it. Context matters."). To be sure, the reference to Chase in the Letter's subject line as "Re: CHASE BANK USA, N.A.," is perhaps insufficient to identify Chase as the current creditor on its own. Similarly, the use of the "passive voice" in the body of the Letter to indicate that the Chase account "had been placed" with Defendant for collection could have been phrased more clearly, for example: "Chase, as creditor, has placed your overdue Chase account with CSI for collection." Lastly, the fact that the Letter states to make checks payable to Defendant could, on its own, perhaps indicate to the least-sophisticated consumer that Defendant, not Chase, was the creditor seeking payment. *See Daly*, No. 15-CV-364-JTC, 2015 WL 4662759. But, when considered in the context of the Letter as a whole, none of these facts would lead a reasonable jury to conclude that the Letter did not identify Chase as the current creditor to the least-sophisticated consumer. The reference to Chase in the subject line as "Re: CHASE BANK, USA N.A." is directly above the last four digits of Plaintiff's Chase account number, her account balance, and the "passive voice" sentence stating that the *above account* ["RE: CHASE BANK USA, N.A."] has been placed with Defendant for collection. *See*

12

*Demonte*, No. 14-CV-14511, 2015 WL 12556159; *Finley v. Allied Interstate, LLC*, No. 8:18-CV-120-T-35AEP, 2018 WL 2717234; *Macelus*, No. CV 17-2025 (RBK/JS), 2017 WL 5157389. Chase and Defendant are the only two entities named in the Letter and Defendant is clearly identified as a debt collector. *See, e.g.,* D.E. 23-1 at 2 ("THIS COMMUNICATION IS FROM A DEBT COLLECTOR.") (emphasis in original). Given the account information in the header, the sentence stating that her Chase account had been sent to collection, and that Chase was the only other party in the Letter, the only conclusion for the least-sophisticated consumer is that Chase was the creditor, not Defendant. *Philips*, No. 2:17-CV-02011-RDP, 2018 WL 3743221; *Demonte*, No. 14-CV-14511, 2015 WL 12556159. Thus, when read as a whole, no reasonable jury could conclude that the Letter did not identify Chase as the current creditor in violation of § 1692g(a)(2) and on this ground alone the Court would grant summary judgment.

E. <u>Plaintiff's History with Chase</u>

Defendant also argues that not only do the four corners of the Letter, when taken as a whole, make clear to the least-sophisticated consumer that Chase was the current creditor on the date of the Letter, but Plaintiff also has a history with Chase that brings the point home. D.E. 23. Defendant argues that it is entitled to summary judgment because no reasonable jury could find that the least-sophisticated consumer, with knowledge of her history with Chase, would be unaware that Chase was the creditor in the Letter. D.E. 23. For the reasons discussed below, the Court agrees.

In support of its argument, Defendant points to Plaintiff's Chase credit card statements. D.E. 23-1. These statements indicate that: (1) Plaintiff received monthly statements from Chase containing her name, balance due, and account number; (2) the last four digits of the account number and the balance due in the header of the Letter are the last four digits of her Chase credit

13

card account number and the same balance due on her last Chase credit card statement; (3) Plaintiff incurred the subject debt by using her Chase credit card; (4) and Plaintiff had not paid this debt at the time of the Letter. D.E. 23 at 6-7; *Lait*, No. 1:17-CV-378-WKW, 2018 WL 1990513, at *5 ("The least sophisticated consumer does not start each day anew with no memory of the last; instead, [s]he has a 'reasonable knowledge of h[er] account's history.'") (quoting *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009) (alteration added).

Plaintiff responds that a reasonable jury could find that these facts were insufficient to identify Chase as the current creditor because only four of the sixteen digits of Plaintiff's account number were provided and that Plaintiff's Chase account has been closed for "years." D.E. 27 at 2. Thus, Plaintiff argues that she would have had to do research into her prior bills to discover that the account information in the Letter was in reference to her old Chase credit card debt. D.E. 27 at 2. Plaintiff contends that the least-sophisticated consumer should not be held to such detailed prior knowledge and would not know Chase was the creditor from this information in the Letter. *Id.*

The Court agrees with Defendant and finds Plaintiff's arguments unpersuasive. First, the credit card statements Plaintiff provided indicate that Plaintiff's account was closed around November 5, 2015. D.E. 23-1 at 27. Thus, the account had only been closed for less than two years before the Letter was sent, not "years" as Plaintiff contends. Plaintiff also continued to receive statements for four months after her account was closed. D.E. 23-1. Even the least-sophisticated consumer would know that she owed Chase a debt on an account that was less than two years old, especially when she received monthly statements reminding her of such debt. Similarly, the last four digits of an account number are commonly used to identify credit card accounts and the least-sophisticated consumer would recognize her account number from those

credit card statements, even if it meant looking at old statements. *Talyor* No. 217CV01733ARRRER, 2017 WL 2861785, at *3 ("Even an unsophisticated consumer could match the last four digits of the account number to her former credit card and recognize that the 'CLIENT ACCT#' referred to her account with Chase."); *Santibanez*, No. 6:16-CV-00081-AA, 2017 WL 126111, at *4 ("If plaintiff were to lookup [Creditor as named in debt collection letter] in a phone book, the alphabetical listing would similarly take him to [legal name of creditor]."); *Demonte*, No. 14-CV-14511, 2015 WL 12556159 (finding least-sophisticated consumer would recognize creditor from account number on debt collection letter and credit card statements). Lastly, the balance due on the Letter's header is exactly the same amount as the balance on the last credit card statement from March 5, 2016. *Compare* D.E. 23-1 at 2, *with* D.E. 23-1 at 35.

Thus, as Plaintiff correctly notes, the least-sophisticated consumer with reasonable knowledge of her account history would know that she had a Chase credit card account, that she had incurred debt on that account, that she received monthly statements containing her account number and balance due, and that she had not paid the balance in over a year. Therefore, upon reading the Letter, containing the last four digits of her Chase credit card account number and the balance of her last credit card statement, the least-sophisticated consumer would recognize Chase as the current creditor seeking to collect on her overdue Chase account. Plaintiff's argument to the contrary is "bizarre and idiosyncratic." *LeBlanc*, 601 F.3d at 1194; *see Helman v. Bank of Am.*, 685 F. App'x 723, 728–29 (11th Cir. 2017) (interpreting FCCPA and finding that the least-sophisticated consumer with knowledge of her transaction history could not argue that she was misled based on a single communication as the notion that "a single potentially ambiguous communication would override a series of clear and unambiguous communications to the contrary—is exactly the type of 'bizarre or idiosyncratic interpretation of collection notices' to

15

which we have refused to give protection even under the least sophisticated consumer standard.") (quotation omitted).

Accordingly, not only do the four-corners of the Letter identify Chase as the current creditor, but Plaintiff's history with Chase prior to receiving the Letter further compels the conclusion that no reasonable jury could find that the Letter failed to identify Chase as the current creditor to the least-sophisticated consumer in violation of § 1692g(a)(2). Therefore summary judgment in favor of Defendant is appropriate for this reason as well.

### F. Was Chase the Current Creditor?

Lastly, Plaintiff argues that Defendant's motion for summary judgment must be denied because there is a genuine factual dispute as to whether Chase is actually the current creditor. D.E. 27 at 3. Plaintiff argues that in order to demonstrate that no reasonable jury could find that that the Letter did not identify Chase as the current creditor to the least-sophisticated consumer, Chase must *actually have been* the current creditor at the time of the Letter. *Id*. Plaintiff argues that Defendant's Statement of Material Facts does not offer a single fact indicating that on the date of the Letter, Chase was the current creditor. D.E. 27 at 3, 13 ("Perhaps Chase once owed the debt but has transferred it to a subsidiary or sister corporation or some investor while retaining the management responsibilities for the long since defaulted debt.").

In response, Defendant argues that it has provided evidence that it was the creditor, namely: the Letter, Plaintiff's Chase credit card statements, an affidavit from Chase's custodian of records affirming that the credit card statements are true and correct copies made in the ordinary course of business, and correspondence from Chase to Plaintiff stating that Chase will only discuss Plaintiff's Chase account with Plaintiff's counsel. D.E. 23-1.

16

The Court finds that Plaintiff has not met its burden of demonstrating a genuine dispute of material fact. As an initial matter, Plaintiff's argument that Defendant did not include evidence in its statement of facts is unavailing. While the Local Rules require that parties file Statements of Material Facts, *See* Local Rule 56.1, Federal Rule of Civil Procedure 56 permits a party to rely on evidence in the record or attached to its motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits . . . ."). As the party moving for summary judgment, Defendant bears the burden of demonstrating that Chase was the current creditor by citing to evidence in the record. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991) ("The movant bears the initial burden to show, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.") (citation omitted) (emphasis added). Defendant has met that burden by pointing to Plaintiff's credit card history and the correspondence between Chase and Plaintiff, including the Letter, which indicates that Defendant was collecting a debt for Chase. D.E. 23-1. Thus, Defendant shifted the burden to Plaintiff to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. 242 at 248 (citation omitted). Plaintiff did not meet this burden because Plaintiff did not cite to any evidence and merely responded with allegations that Defendant has not alleged sufficient facts to indicate that Chase was the current creditor. *See id.* ("A party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials . . . ."); Fed. R. Civ. P. 56(e); *Robinson v. AFA Serv. Corp.*, 870 F. Supp. 1077, 1080 (N.D. Ga. 1994) ("The nonmoving party must go beyond the pleadings and submit evidence in the form of affidavits, depositions, admissions and the like, to demonstrate that a genuine issue

17

of material fact does exist."). As Plaintiff has not met its burden, the Court finds that Defendant is entitled to summary judgment as to whether Chase was the current creditor on the date of the Letter.

### V. Conclusion

For the aforementioned reasons, the Court finds that no reasonable jury could find that the Letter did not adequately identify Chase as the current creditor to the least-sophisticated consumer in violation of § 1692g(a)(2) and summary judgment in favor of Defendant is appropriate. Accordingly it is hereby

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law, D.E. 23, is GRANTED. The Court will separately enter final judgment pursuant to Federal Rule of Civil Procedure 58. It is further

ORDERED AND ADJUDGED that the Clerk of Court SHALL administratively close this case. All future hearings are CANCELLED and all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of August, 2018.

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc: counsel of record via cm/ecf