Ari H. Marcus, Esq.
Licensed to Practice in NJ & NY
Ari@MarcusZelman.com

Yitzchak Zelman, Esq.
Licensed to Practice in NJ & NY
Yzelman@MarcusZelman.com

# MARCUS ZELMAN, LLC
ATTORNEY & COUNSELLOR AT LAW
Tel: (732) 695-3282
Fax: (732) 298-6256
www.MarcusZelman.com

**NEW JERSEY OFFICE**:
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712

**NEW YORK OFFICE**:
1 Deer Run Road
Pomona, New York 10970

*All Correspondences to NJ Office*

September 27, 2018

Honorable U.S. District Judge Rosalyn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East,
Brooklyn, NY 11201
*Via ECF*

      Re:  Glick v. Client Services, Inc.
         1:18-cv-00913-RRM-CLP

To the Honorable U.S. District Judge Mauskopf,

  The undersigned Plaintiff in the above-referenced putative class action brought under the Fair Debt Collection Practices Act (the FDCPA), and writes this Court in response to the pre-motion letter filed by Defendant Client Services, Inc.  *See,* Docket 24.  The Plaintiff respectfully submits that the Defendant's motion for summary judgment would be premature at this time, since there are only a few items of discovery that remain outstanding, and because deciding dispositive motions now will require reopening discovery if Defendant's Motion is not successful.  Instead, it would be far more efficient if the parties were able to conclude the few items of outstanding discovery remaining, so that cross-motions for summary judgment, as well as Plaintiff's Rule 23 Motion for class certification, can all be filed simultaneously.

  **A. The Legal And Factual Bases On Which Plaintiff Intends To Rely To Oppose Defendant's Proposed Motion For Summary Judgment.**

  This is a straightforward claim under the FDCPA.  Essentially, the Defendant mailed the Plaintiff a Collection Letter dated August 18, 2017 seeking to collect $4,785.04.  As to the identification of the creditor to whom the debt was currently owed, the Collection Letter was less clear.  Instead, the only hint in the Collection Letter as to the Current Creditor was this: 'Re: Chase Bank USA, N.A.'.  There is no identification of this entity as the 'Current Creditor' or even as the Defendant's 'client'.  There is no indication if this credit card debt was charged off and sold to a debt buyer, as is usual.  The Plaintiff maintains that this violates 15 U.S.C. § 1692g(a)(2)'s requirement that the collection agency clearly identify 'the name of the creditor to whom the debt is owed'.  The proposed class would encompass those debtors in Brooklyn who received the identical collection letter, identified by Defendant as a '809R' template collection letter.

  The Honorable Judge Spatt found facts identical to the instant action sufficient to support a claim under the FDCPA in *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15CV3549ADSAKT, 2016 WL 4148330 (E.D.N.Y. Aug. 4, 2016), <u>motion for relief from judgment denied</u>, No. 15CV3549ADSAKT, 2017 WL 59085 (E.D.N.Y. Jan. 4, 2017).  So did the Honorable Judge Feuerstein in *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15CV4356SJFARL, 2016 WL 6069180 (E.D.N.Y. Oct. 17, 2016).  In both of those cases, as here, the only identification of the 'current creditor' was the identical 'Re: [entity name]' line found in the Defendant's collection letter.

While the *Datiz* and *McGinty* cases both involved Motions to Dismiss, the identical allegations were found sufficient to support a grant of summary judgment to the debtor in *Dix v. Nat'l Credit Sys., Inc.*, No. 2:16-CV-3257-HRH, 2017 WL 4865259 (D. Ariz. Oct. 27, 2017). As such, the Plaintiff maintains that the Plaintiff is entitled to summary judgment under these facts, not the Defendant. The Plaintiff is absolutely prepared to oppose the Defendant's Motion and to cross-move for Summary Judgment as well. However, doing so would be premature, for the reasons that follow in the next section.

### B. Any Outstanding Discovery Or Other Pre-Trial Issues.

The Plaintiff maintains that summary judgment would be premature at this time. Here is why: When the Defendant moves for summary judgment, the Plaintiff would like to cross-move for summary judgment. Doing so would clearly make sense, and would be the most judicially efficient manner for proceeding with the ultimate disposition of the FDCPA claims raised in this action. While the Plaintiff is prepared to cross-move for summary judgment, he cannot do so at this time before also moving to certify the proposed class in this action.

The Plaintiff is currently prevented from cross-moving for summary judgment, because of the doctrine of 'one-way intervention'. "One-way intervention may occur where, in a proposed class-action, a dispositive motion is decided prior to a motion for class certification, resulting in potential class members potentially benefitting from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one." *Hart v. Crab Addison, Inc.*, No. 13-CV-6458 CJS, 2016 WL 4010064, at *1 (W.D.N.Y. July 26, 2016), citing Newberg On Class Actions § 7:8 (5th ed. 2016). While the Defendant can waive this doctrine, *see e.g., Schwarzschild v. Tse*, 69 F.3d 293, 297 (9th Cir. 1995), the Plaintiff cannot. *See e.g., Villa v. San Francisco Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1021 (N.D. Cal. 2015)(denying the plaintiff's pre-certification motion for summary judgment as violative of the one-way intervention rule).

Thus, to move for summary judgment, the Plaintiff needs to first (or simultaneously) move for class certification. *See e.g., Vega v. Credit Bureau Enterprises,* No. CV 02-1550, 2005 WL 711657, at *10 (E.D.N.Y. March 29, 2005) (granting plaintiff's motion for 23(b)(3) class certification and plaintiff's motion for summary judgment in an FDCPA claim, and denying the collection agency's motion for summary judgment). The parties have nearly completed all class and fact discovery. However, a number of discovery issues currently prevent Plaintiff from moving for class certification at this time.

i. *Defendant's Written Discovery Responses*

With regard to written discovery responses, only some issues remain with regards to the identification of the proposed class members, which the parties are close to resolving. Unfortunately, a resolution has not yet been reached, despite the parties already having met and conferred on those issues. If those issues are unable to resolve those issues amicably by October 4, 2018, the Plaintiff intends to move forward with the next step in the LR 37.3 process.

ii. *Defendant's Failure To Produce A Knowledgeable Corporate Deponent*

Once the issues with Defendant's written discovery responses are resolved, the only remaining discovery item is a second, short, deposition of the Defendant. The Plaintiff deposed

the Defendant once in this action. However, the witness produced by Defendant readily admitted to being unable to testify as to several of the categories listed in the Plaintiff's FRCP 30(b)(6) deposition notice. As a result, the witness was unable to provide crucial testimony as to the Defendant's net worth, which is critical to determining whether or not class certification is appropriate in this action.[1]

In working to resolve this issue, the parties have discussed whether (1) the Defendant will produce a second witness, who will have the requisite knowledge, or whether (2) the Plaintiff will instead be required to subpoena the Defendant's accountants. That issue is still being worked on between the parties. If this issues is similarly not amicably resolved by October 4, 2018, the Plaintiff intends to move forward with the next step in the LR 37.3 process on this issue as well.

**C. Conclusion.**

It would not serve the interests of judicial economy to permit the Defendant to file a Motion for summary judgment at this time, before the last few outstanding discovery items are addressed. If the Court does so, the Plaintiff will be unable to cross-move for summary judgment. Nor will the Plaintiff be able to move for class certification. As such, if the Defendant's Motion gets denied, the parties will have to reopen discovery just to wrap up these last few items. Then the Plaintiff will have to move for class certification, and only then can the Plaintiff also move for summary judgment. This route will therefore necessarily involve two rounds of discovery and two rounds of summary judgment briefing.

Instead, the far more efficient route would be to permit the parties to finalize the last few outstanding discovery issues. At that time, the Plaintiff can move for class certification and summary judgment. The Defendant can then cross-move for summary judgment, and then Court can then address all of these motions in one fell swoop.

For these reasons, it is respectfully submitted that the parties should absolutely be permitted to file dueling motions for summary judgment, but only after they have finalized the last few discovery items still outstanding in this action. The Plaintiff submits this can easily be accomplished within the next six weeks, depending on the Defendant's cooperation in resolving the remaining discovery issues.

Respectfully Submitted,

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.

---

[1] Depending on the Defendant's (or its accountant's) upcoming testimony, the Defendant's net worth – which is key to this case, considering the FDCPA's cap on classwide statutory damages tied to 1% of the collection agency's net worth – is either negative or is tens of millions of dollars. It was these financial questions that the Defendant's corporate designee was unable to answer at the deposition.