UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HENOCH GLICK, *individually and on behalf of all others similarly situated*,

                         Plaintiff,

    - against -

CLIENT SERVICES, INC.,

                         Defendant.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
18-CV-913 (RRM) (CLP)

ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      Plaintiff Henoch Glick brings this action against defendant Client Services, Inc. ("CSI"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq*. (Compl. (Doc. No. 1).) Before the Court are the parties' cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Defendant's Motion for Summary Judgment ("Def.'s MSJ") (Doc. No. 35); Plaintiff's Motion for Summary Judgment ("Pl.'s MSJ") (Doc. No. 39).) For the reasons set forth below, defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

### BACKGROUND

      Glick is an individual residing in New York. (Compl. ¶ 7.) CSI is a debt collection agency with its principal place of business in Saint Charles, Missouri. (Answer (Doc. No. 7) ¶ 8.) The following undisputed facts of this case are taken from the parties' Local Civil Rule 56.1 Statements. (*See* Doc. Nos. 35-2, 36-8, 39-10, and 42-1.) Glick obtained a credit card issued by Chase Bank ("Chase") and subsequently failed to make payments due. (Defendant's Rule 56.1 Statement (Doc. No. 35-2) at ¶ 2.) Glick's account was placed with CSI for collection. (*Id.* ¶ 3.)

In August 2017, Glick received a letter from CSI, dated August 18, 2017. (Collection Letter (the "Letter"), Exhibit A to Compl. (Doc. No. 1-2).)

In the subject line of the Letter, directly under CSI's logo, appearing in the upper-left corner, the Letter provides:

> RE: CHASE BANK USA, N.A.
>
> ACCOUNT NUMBER: xxxxxxxxxxxx2201
>
> BALANCE DUE: $4,785.04
>
> REFERENCE NUMBER: [Redacted]

(*Id.*) Below this information runs a shaded bar within which is written "DEBT VALIDATION NOTICE." (*Id.*) Below the shaded bar, the Letter states:

> This account has been placed with our organization for collections.
> Balance Due at Charge-Off: 4,785.04
> Interest Post-Charge Off: 0.00
> Other Charges Post-Charge Off: 0.00
> **Current Balance: 4,785.04**

(*Id.*) Beneath this and additional language regarding the timing of payment, is the following disclaimer:

> THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

(*Id.*) The Letter also provides various methods for remitting payment. (*Id.*)

On February 12, 2018, Glick filed suit on behalf of himself and a class of others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3). (Compl.) Glick alleges that CSI violated 15 U.S.C. §§ 1692e and 1692g by failing to adequately identify his creditor in the Letter. (Compl. ¶¶ 42–51.) On December 2, 2019, the parties filed cross-motions for summary judgment. The two motions are mirror images of each other. Glick contends that he is

entitled to summary judgment because CSI violated the FDCPA by failing to clearly identify who Glick's creditor was in its Letter. (Pl.'s MSJ at 12–22.)[1] CSI contends that it is entitled to summary judgment because its Letter clearly identified who Glick's creditor was and therefore did not violate the FDCPA. (Def.'s MSJ at 5–12.) Subsequently, Glick filed a notice of supplemental authority in support of his motion for summary judgment to which CSI responded. (Glick Notice of Supplemental Authority (Doc. No. 43); CSI Response to Glick Supplemental Authority (Doc. No. 44).)

## STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, depositions, interrogatories, admissions, and affidavits demonstrate that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When determining whether a genuine issue of material fact exists, the evidence of the non-movant "is to be believed" and the court must draw all "justifiable" or "reasonable" inferences in favor of the non-moving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)); *see also Brosseau v. Haugen*, 543 U.S. 194, 195 n.1 (2004).

## DISCUSSION

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection

---

[1] Page numbers correspond to pagination assigned by the Court's Electronic Case Filing system.

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *see also Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 134 (2d Cir. 2010) (quoting same). Under the FDCPA, a debt collector is obligated to identify "the name of the creditor to whom the debt is owed," 15 U.S.C. § 1692g(a)(2), and "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e.

Whether the debt collection letter identifies the name of the creditor to whom the debt is owed is assessed from the perspective of the "least sophisticated consumer." *Ocampo v. Client Servs., Inc.*, No. 18-CV-4326 (BMC), 2019 WL 2881422, at *2 (E.D.N.Y. July 3, 2019) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). The least sophisticated consumer "does not have 'the astuteness of a Philadelphia lawyer or even the sophistication of the average, every day common consumer,' but is neither irrational nor a dolt." *Ellis*, 591 F.3d at 135 (internal quotations omitted) (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)). The least sophisticated consumer does not read a debt collection letter in a vacuum, isolated from her financial history. *See Ocampo*, 2019 WL 2881422, at *2 (citing *Helman v. Bank of Am.*, 685 F. App'x 723, 728 (11th Cir. 2017)).

This least sophisticated consumer standard "serves [a] dual purpose: it (1) ensures the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993). The Court's role in assessing whether a letter comports with § 1692g(a)(2)'s requirements "is to assess whether the 'least sophisticated consumer' *who read[s] the entire letter* would have been aware that the name of the creditor appeared in the letter." *Stehly v. Client Servs., Inc.*, No. 18-

CV-5103 (DRH) (ARL), 2019 WL 2646664, at *3 (E.D.N.Y. June 27, 2019) (quoting *Eger v. Southwest Credit Systems, L.P.*, 2019 WL 1574802, at *4 (E.D.N.Y. April 11, 2019)).

Here, the Letter clearly identifies Chase as the creditor. In capital letters on the top of the Letter, it says, "RE: CHASE BANK USA, N.A." Directly below, and also in capital letters, the Letter provides the account number and balance due. By providing the name of the bank, Glick's account number, and the balance due on that account, the Letter provides enough information for even the least sophisticated consumer to understand that the Letter is attempting to collect a debt owed to Chase for that account. Courts in this district and others have agreed that letters like the one at issue here properly identify the creditor to whom the debt is owed. *See Ocampo*, 2019 WL 2881422, at *2 (E.D.N.Y. July 3, 2019) (holding that least sophisticated consumer could identify creditor as Synchrony Bank from CSI debt collection letter with subject line "Re: Synchrony Bank Walmart MC" where the letter also provided account number and balance due); *Eric J. Williams v. Client Services, Inc.*, No. 18-CV-5104 (JS) (ARL), at *6 (E.D.N.Y. July 29, 2020) (adopting report and recommendation) (finding *Ocampo* "particularly persuasive" when considering a substantially similar debt collection letter from CSI with the subject line "RE: Chase Bank USA, N.A."); *Asim Ali v. Client Services, Inc.*, No. 19-CV-2756 (ENV) (SJB) (E.D.N.Y. July 23, 2020) (determining that least sophisticated consumer could understand that the letter is attempting to collect a debt on behalf of Chase from letter that was "nearly identical to that in *Ocampo*"); *Taylor v. MRS BPO, LLC*, No. 17-CV-1733 (ARR) (RER), 2017 WL 2861785, at *3 (E.D.N.Y. July 5, 2017) (dismissing case because email sufficiently identifies Chase as the creditor where letter states "RE: CHASE BANK USA N.A.," provides the account number, and references Chase in the body of the email); *Lugo v. Forster & Garbus, LLP*, No. 19-CV-1435 (ARR) (CLP), 2019 WL 5303957, at *3 (E.D.N.Y. Oct. 21,

2019) (granting defendant's motion for judgment on the pleadings where debt letter identifies the creditor, plaintiff's account number with that institution, and the context of the letter "implicitly makes clear that Barclays Bank Delaware is the current creditor") (collecting cases).

In particular, CSI highlights Judge Cogan's decision in *Ocampo*, which CSI contends "features similar information to the letter in this case." (Def.'s MSJ at 8.) CSI's collection letter in *Ocampo* is nearly identical to the letter in this case. *Compare Ocampo*, No. 18-CV-4326, (Doc. No. 1-1) (E.D.N.Y. July 31, 2018) (CSI's debt collection letter), with the debt collection letter in this case (Doc. No. 1-2). In finding that the debt collection letter did not violate the FDCPA, Judge Cogan observed:

> [T]he least sophisticated consumer in plaintiff's position would understand that she has a Walmart credit card, and she can match the account number for this credit card with the account number on the letter. She may not understand the exact relationship between Synchrony and Walmart, but she does not have to be an expert on credit card processing to match the Synchrony Bank Walmart credit card referenced in the debt collection letter to the Synchrony Bank Walmart credit card in her wallet that she used to incur thousands of dollars in unpaid debt.

*Ocampo*, 2019 WL 2881422, at *2. Here, like in *Ocampo*, the least sophisticated consumer in Glick's position would understand that he has a Chase credit card and that he can match the sixteen-digit account number on his credit card to the sixteen-digit number account number in the letter. There is even less of a chance that the least sophisticated consumer could be confused here than there was in *Ocampo* because the card here is not a store credit card issued by a bank – it is a Chase credit card issued by Chase Bank, the only institution identified in the subject line of the Letter. Accordingly, the Letter does not violate FDCPA because even the least sophisticated consumer, armed with the knowledge that he has a Chase credit card that he applied for and charged thousands of dollars to, could comprehend that the Letter references a debt owed to Chase. *See Ocampo*, 2019 WL 2881422, at *1.

This Court also finds the reasoning in *Ocampo* persuasive regarding whether the least sophisticated consumer could discern that the debt collector is not the creditor in CSI's Letter. Judge Cogan observed:

> It would be particularly difficult for the least sophisticated consumer to be confused about who the creditor is because there is no other entity even mentioned in the letter, besides defendant. Since the letter identifies itself as a "communication ... from a debt collector" and states that "[t]he above account has been placed with our organization for collections," the least sophisticated consumer would be able to infer that defendant is the debt collector, not the creditor.

*Ocampo*, 2019 WL 2881422, at *2. Like the debt collection letter in *Ocampo*, the Letter here does not mention an entity other than CSI, identifies itself as a "communication . . . from a debt collector," and states that the "above account has been placed with our organization for collections." The least sophisticated consumer could thus easily infer that CSI is a debt collector. This Court agrees with Judge Cogan, that to accept plaintiff's arguments to the contrary would "give the least sophisticated consumer too little credit." *Id.* While consumers must be protected from abusive debt practices, this Letter is not an example of such a practice.

Judge Ross reached the same conclusion in *Lugo*, 2019 WL 5303957. Like the Letter here, the letter at issue in *Lugo* mentions the name of the creditor, Barclays Bank Delaware, only by stating "Re: Barclays Bank Delaware," although the phrase is printed on the letter twice. *Lugo*, No. 19-CV-1435, (Doc. No. 1-1) (E.D.N.Y. July 31, 2018) (debt collection letter). Directly above where the letter in *Lugo* identifies the creditor, Barclays Bank Delaware, the letter provides the plaintiff's account number with Barclays, just as the Letter at issue here provides Glick's account number at Chase. *See Lugo*, 2019 WL 5303957 at *3. Considering that "[t]he rest of the letter provides context for the consumer to understand that Barclays Bank Delaware is the creditor," Judge Ross found that the "letter implicitly makes clear that Barclays Bank

Delaware is the current creditor" and dismissed the case. *Id.* at *2–3. Just like the letter in *Lugo*, the Letter here provides "no reasonable but inaccurate reading of the letter that a [least sophisticated consumer] would be susceptible to." *See id.* at *3 (citing *Ocampo*, 2019 WL 2881422, at *3).

Glick is correct that courts in this district and others have found "singular and unadorned reference[s] to an entity other than the debt collector with nothing more than a 're:' in the header of the letter do[] not meet the FDCPA." *Id.* at *2 (collecting cases and citing *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549 (ADS) (AKT), 2016 WL 4148330 (E.D.N.Y. Aug. 4, 2016)). In particular, Glick points to *Datiz*, 2016 WL 4148330, and incorrectly contends that *Datiz* involves "facts identical to the instant action." (Pl.'s Mot. at 13.) *Datiz* involved a debt collection letter issued by International Recovery Associates, Inc., for a balance due on a hospital bill. *Datiz*, 2016 WL 4148330, at *1. The creditor, John T. Mather Hospital, was mentioned in the "Re:" line, the letter provided the balance due, and the letter stated that it was a "communication . . . from a debt collection agency." *Id.* While the court "acknowledge[d] that there is some force to the Defendant's argument that the least sophisticated consumer could discern from this letter that John T. Mather Hospital is the current creditor on Plaintiff's account," ultimately, the Court was "not convinced that the least sophisticated consumer would be able to deduce from the caption, 'Re: John T. Mather Hospital,' that John T. Mather Hospital is the current creditor to whom the Plaintiff's debt is owed for purposes of Section 1692g(a)(2), particularly given the fact that the Letter does not specify the Defendant's relationship to John T. Mather Hospital." *Datiz*, 2016 WL 4148330, at *12.

The letter in *Datiz* is distinguishable from the Letter here because the Letter here includes an account number, which is enough to clue the least sophisticated consumer into the fact that

the letter has something to do with a credit card issued by the entity named on the "re:" line. *See Ocampo*, 2019 WL 2881422, at *2 ("[T]he least sophisticated consumer . . . can match the account number for this credit card with the account number on the letter."). The letter in *Datiz* contained a file number, however that number would not assist the least sophisticated consumer in identifying the creditor to whom the debt is owed to the extent an account number matching a credit card owned by the consumer would. *See Datiz*, No. 15-CV-3549, (Doc. No. 1-1) (E.D.N.Y. June 17, 2015) (debt collection letter). The same reasoning is applicable to distinguish the debt collection letters in other cases Glick cites in support of his position. *See McGinty v. Professional Claims Bureau, Inc.*, No. 15-CV-4356 (SJF) (ARL), (Doc. No. 1-1) (E.D.N.Y. July 24, 2015) (debt collection letter); *White v. Professional Claims Bureau, Inc.*, No. 15-CV-7187 (JFB) (ARL), (Doc. No. 1-1) (E.D.N.Y. Dec. 17, 2015) (debt collection letter).

## CONCLUSION

For the reasons set forth above, CSI's motion for summary judgment is granted and Glick's motion for summary judgment is denied. This action is dismissed with prejudice. The Clerk is respectfully directed to enter judgment in accordance with this memorandum and order and close this case.

SO ORDERED.

Dated: Brooklyn, New York
      September 29, 2020

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge